■ In the Matter of JOHN F. MURPHY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [817 NYS2d 184]—

Per Curiam. Respondent was admitted to practice by this Court in 1981 and was admitted in Pennsylvania in 1975 where he maintains his law office.

The Supreme Court of Pennsylvania issued an order dated February 7, 2006, which suspended respondent from the practice of law for a term of five years for having used information relating to the representation of a client to the disadvantage of his client without obtaining the client's consent, and for represent-

ing a client in a matter in which the client's interest was materially adverse to the interest of a former client without having first obtained the former client's consent.

Petitioner moves for an order imposing reciprocal discipline (*see* 22 NYCRR 806.19). Respondent filed an affidavit in opposition and appeared personally before the Court on the motion.

A review of the record indicates that due process was afforded respondent, the misconduct charged was established by the evidence, and the imposition of discipline would not be unjust. It is further determined that the ends of justice will be served by imposing upon respondent the same discipline as was imposed by the Supreme Court of Pennsylvania. We therefore conclude that respondent should be reciprocally suspended in New York for a term of five years, effective immediately.

Crew III, J.P., Spain, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for a period of five years, effective immediately; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).